UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

WILLIAM R. UNDERWOOD,

        Petitioner,                S3 88 Cr. 822 (MGC)

                                                Memorandum Opinion
   - against -                          and Order

UNITED STATES OF AMERICA,

        Respondent.

---------------------------------x

**CEDARBAUM, J.**

    Petitioner William Underwood filed this motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from the denial of a petition for a writ of habeas corpus he had filed in 1992. Underwood also seeks appointment of counsel under 18 U.S.C. § 3006A. Underwood alleges that "extraordinary circumstances" justify vacating the judgment in his original habeas corpus petition. Specifically, Underwood argues that the new rule of law articulated in Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005) constitutes an extraordinary circumstance supporting his motion to vacate the prior judgment.

    In 1990, William Underwood was convicted of participating in and conspiring to participate in a racketeering enterprise, 18

1

U.S.C. § 1962(c) and (d); of participating in a narcotics conspiracy, 21 U.S.C. § 846; and of operating a continuing criminal enterprise, 21 U.S.C. § 848.  At the time of his sentencing, the Sentencing Guidelines had been in effect for more than two years, but they only applied to crimes that occurred or continued after November 1, 1987.  If sentenced under pre-guidelines law, Underwood faced a statutory penalty of imprisonment that ranged from 10 years to life.  Under the sentencing guidelines, Underwood faced a mandatory sentence of life in prison without parole.  Before sentencing, Underwood argued that the sentencing guidelines should not be applied to him because the jury had not made a specific finding that his criminal conduct continued beyond November 1, 1987.  Following a hearing, I rejected this argument and determined that the factual question of whether the guidelines applied was a question to be resolved by the court using a preponderance of the evidence standard.  I applied the sentencing guidelines after finding clear evidence that Underwood's enterprise continued past November 1, 1987.  That decision was upheld on direct appeal. *See* United States v. Underwood, 932 F.2d 1049 (2d Cir. 1991) *cert denied* 502 U.S. 942 (1991).

Underwood filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2255 in June, 1992.  In that petition, Underwood again objected to the fact that he had been sentenced

under the guidelines. I denied his petition, and the Second Circuit affirmed, ruling that Underwood's claim was both procedurally barred and without merit. *See* Underwood v. United States, 15 F.3d 16 (2d Cir. 1993). Since that time, the Supreme Court has decided a series of cases which Underwood argues would have required that a jury find the facts necessary to sentence him under the sentencing guidelines. Those cases, including Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), formed the basis for several applications to the Second Circuit for filing authorization under 28 U.S.C. § 2244. Those applications, made in 2002 and 2003, were denied.

Underwood now seeks, for the second time, to use Rule 60b for relief from the judgment denying his first habeas corpus petition. He argues that, under United States v. Booker, 543 U.S. 220 (2005), whether his criminal conduct continued beyond the effective date of the sentencing guidelines should have been a question for the jury. He further argues that the holding of Booker, combined with the fact that he raised a similar challenge at the time of his sentencing, constitutes an "extraordinary circumstance" which justifies reopening his initial habeas corpus petition under Rule 60(b). Underwood's motion must be denied for several reasons.

As a threshold matter, Underwood's motion must be denied because Rule 60(b) is only available to attack the integrity of a habeas corpus proceeding, not the underlying merits. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Although Underwood asserts his motion "seeks only to vacate the federal court judgment concerning the prior habeas proceeding" and does not attack the integrity of his conviction, the only "extraordinary circumstance" that Underwood points to is an argument that his underlying conviction and sentence were improper. Underwood does not point to any flaw in the integrity of the proceedings relating to his first habeas corpus petition. Only an extraordinary circumstance would justify granting a motion under Rule 60(b).

Even assuming that Underwood's claim affected the integrity of the habeas corpus proceedings and not the underlying claim, Underwood could not succeed on a Rule 60(b) motion. Even if Booker would apply to Underwood's case if it were decided today, a situation which is not beyond dispute,[1] the Second Circuit has repeatedly ruled that Booker does not apply retroactively to sentences which were final before Booker was decided. Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). Underwood, relying on Booker, has already applied to the Second Circuit for

---

[1] *See* Harris v. United States, 536 U.S. 545 (2002)(holding that sentencing factors which raise the mandatory minimum sentence, as opposed to the statutory maximum, may be determined by a judge).

4

authorization necessary for a district court to hear a second or successive habeas corpus petition.  The Second Circuit denied that application on March 2, 2005, and specifically stated that <u>Blakely</u> and <u>Booker</u> were not retroactive to cases on collateral review.  <u>Underwood v. United States</u>, No. 05-0474-op (2d Cir. Mar. 2, 2005)(Mandate denying certification).  Because <u>Blakely</u> and <u>Booker</u> do not apply to Underwood's underlying claim, they cannot form the basis of a claim under Fed. R. Civ. P 60(b).  Because Underwood's motion has no merit, his application for appointment of counsel is also denied.

For the foregoing reasons, petitioner's motion is denied.

SO ORDERED.

Dated:   New York, New York
         March 20, 2006

                           S/ _____
                              MIRIAM GOLDMAN CEDARBAUM
                              United States District Judge