UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WILLIAM R. UNDERWOOD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 88 cr. 822 (MGC)

Crim. No. S3 822 (MGC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/14

## PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

COMES NOW, Petitioner William R. Underwood in the above styled motion, asking the Court to grant relief from the judgment, as authorized by Federal Rule of Civil Procedure Rule 60(b).

### A. Introduction

1. Petitioner is William R. Underwood; respondent is United States of America.

2. Petitioner, William R. Underwood, was charged in the United States District Court for the Southern District of New York with six counts involving narcotics operations. After trial by jury, he was found guilty in a general jury verdict on four counts. Specifically, violations of 18 USC § 1962 (c) and (d) (RICO and RICO Conspiracy); 21 USC § 846 (Conspiracy to violate narcotics statutes); 21 USC § 848(a) (Continuing Criminal Enterprise).

Judge Miriam Goldman Cedarbaum, sentenced Underwood over his Sixth Amendment objections in accordance with the Sentencing Reform Act of 1984, 18 USC § 3551 et seq., aka the Federal Sentencing Guidelines, which became effective November 1, 1987. Underwood argued, inter alia,

as he did at trial that the district court committed error in sentencing him under the Guidelines, because the jury did not find that his crimes extended beyond November 1, 1987. Under the law applicable before November 1, 1987, the district court had discretion to impose a prison term of 10 years to life for the CCE conviction. Because Underwood's indictment began in "1971" and ends in "1985," he argued that it was possible that the jury convicted him on conduct that occurred prior to the enactment of the Sentencing Guidelines.

Judge Cedarbaum, ruled that "authority in this Circuit permitted, and the commentary that comes with the guidelines," was the controlling rule of law giving her the authority to resolve the issue by a preponderance of the evidence standard. The Court of Appeals stated, as had the district court below that "McMillan v. Pennsylvania, 477 US 79, ... (1986), is dispositive of Underwood's claim." United States v. Underwood, 932 F.2d 1049, 1053 (2nd Cir. 1991)(Underwood I). The Court of Appeals affirmed his conviction and mandatory life sentence under the Guidelines pursuant to "18 USC § 3742(e)." Id., at 1055. *(18 USC § 3742(e) was struck down, "severed and excised" as unconstitutional in United States v. Booker, 543 US 220, 246 (2005)).

In Underwood v. U.S., 15 F.3d 16 (2nd Cir. 1993)(Underwood II), his § 2255, the Court of Appeals stated: "as we held in Underwood I, the Supreme Court's decision in McMillan v. Pennsylvania, 477 US 79 (1986), is dispositive here." Id., at 19. On April 24, 1997, Underwood filed a second petition under § 2255, pursuant to Rutledge v. United States, 517 US 292 (1996), which was denied on January 22, 1999. Underwood v. U.S., 166 F.3d 84 (2nd Cir. 1999).

In 2005, Underwood filed a "motion pursuant to Fed. R. Civ. P. Rule 60(b)(6), seeking relief from the denial of a petition for a writ of habeas corpus he had filed in 1992." Judge Cedarbaum, denied the motion citing Second Circuit rulings that "Booker does not apply retroactively." Her ftn 1, states: "See Harris v. United States, 536 US 545 (2002)(holding that sentencing factors which raise the mandatory minimum sentence, as opposed to the mandatory maximum, may be determined by a judge.") Underwood v. U.S., 2006 U.S. Dist. LEXIS 11391 (pp. 1-3).

## B. Argument

3. Federal Rule of Civil Procedure Rule 60(b) "authorizes a court to modify a judgment for certain specified reasons. One such reason is 'mistake,' Fed. R. Civ. P. 60(b)(1), which the Second Circuit has long construed to include mistakes made by the court. See Tarkington v. United States Lines Co., 222 F.2d 358, 360 (2d. Cir. 1955)." Howard v. U.S., 2013 U.S. Dist. LEXIS 167431 (p.2).

Fed. R. Civ. P. "60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.' .... [T]he Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.' Rufo v. Inmates of Suffolk County Jail, 502 US 367, 384 (1992). The party seeking relief bears the burden of establishing that changed circumstances warrant relief, id., at 383, but once a party carries this burden, a court abuses its discretion 'when it refuses to modify a [judgment] in light of such changes.' Agostini v. Felton, 521 US 203, 215 (1997)."

- 3 -

Horne v. Flores, 557 US___(2013) (Alito, J.) (slip op. at 10).

The Second Circuit has held that a Rule 60(b) motion "seeks only to vacate the federal judgment dismissing the habeas petition. The grant of such a motion would not have the effect of invalidating the ... conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for futher proceedings seeking ultimately to vacate the conviction." Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001).

The Second Circuit has also held in Petitioner's first § 2255, "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal. .... This rule may not apply, however, where an intervening change in the law has taken place or ....." Underwood v. U.S., 15 F.3d 16, 18 (2nd Cir. 1993).

Thus, this Court is aware of the sui generis nature of this case. That, 10 years before Apprendi v. New Jersey, 530 US 466 (2000), and 15 years before United States v. Booker, 543 US 220 (2005). Petitioner made a Sixth Amendment challenge to the application of the Federal Sentencing Guidelines' mandatory provisions to his case. That this Court and the Second Circuit Court of Appeals held: "We believe that the Supreme Court's decision in McMillan v. Pennsylvania, 477 US 79 (1986), is dispositive of Underwood's claim." U.S. v. Underwood, 932 F.2d 1049, 1053 (2nd Cir. 1991); Underwood v. U.S., 15 F.3d at 19 (citing same).

In Petitioner's second Rule 60(b) motion to this Court, Judge Cedarbaum held: "sentencing factors which raise the mandatory minimum sentence, as opposed to the statutory maximum, may be determined by a judge." (Citing, Harris v. United States, 536 US 545 (2002)(Underwood v. U.S., 2006 U.S. Dist. LEXIS 11391 (ftn 1)).

Seven years later, Alleyne v. United States, 570 US___(2013), (Thomas, J.), held: "Harris drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum. We conclude that this distinction is inconsistent with our decision in Apprendi v. New Jersey, 530 US 466 (2000), and with the original meaning of the Sixth Amendment. Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. See id., at 483, n. 10, 490. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury. Accordingly, Harris is overruled." Alleyne, 570 US____ (slip op. at 1-2).

4. Post-Underwood I and II, a number of circuits have "squarely addressed a claim," Underwood I, 932 F.2d at 1054, under the Ex Post Facto Clause, that is necessary for the jury to make the factual determination of the termination date of a continuing crime. See, U.S. v. Harris, 79 F.3d 226, 228-29 (2nd Cir. 1996); U.S. v. Monaco, 194 F.3d 381, 386 (2nd Cir. 1999); U.S. v. Tykarsky, 446 F.3d 458, 478-82 (3nd Cir. 2006); U.S. v. Kilkenny, 493 F.3d 122 (2nd Cir. 2007) (Kilkenny pled guilty to schemes that had taken "place from February 2000 through June 2001. .... The trial judge rel[ied] on the entire range of conduct." Id., at 124-25. The Circuit Court held that "the sentencing court could not consider uncharged or acquitted conduct in determining the last date of conviction." Id., at 127.

In Underwood I and II, there was an effective date of a new determinate sentencing scheme, replacing the discretionary sentencing

- 5 -

permitted under the old law. In Harris, Monaco, Tykarsky and Kilkenny, there was an effective date of a new statutory penalty provision which was harsher than the old statute. The distinction is without a difference, "it is no answer to say that the defendant could have received the same sentence with or without that fact." Alleyne, 570 US___(2013)(Thomas, J.)(slip op., at 14).

In Underwood v. U.S., 15 F.3d 16 (2nd Cir. 1993)(Underwood II), "Underwood repeated the claim already made at his sentencing and in his direct appeal, that the district court had erred in sentencing him according to the Sentencing Guidelines because the jury made no specific finding that his criminal conduct had continued beyond November 1, 1987, the effective date of the guidelines." Id., at 17. Underwood stated that Miller v. Florida, 482 US 423 (1987), as well as, U.S v. Torres, 901 F.2d 205 (2nd Cir. 1990), was dispositive of the issue and required making a finding concerning whether there had been a violation of the ex post facto clause of the U.S. Constitution. Id., at 18-19.

The Second Circuit held: "Miller v. Florida, 482 US 423, ... (1987), also cited by Underwood, is similarly inapposite. .... While Underwood may have been 'disadvantaged' by the application of the Sentencing Guidelines, 3, the sentencing court did not apply the guidelines retrospectively." Ftn 3 states: "A defendant is 'substantially disadvantaged' even if, as in this case, the application of a new sentencing law only eliminates the possibility of a lesser sentence under the old law, even though the new law's minimum punishment is not greater than the old law's maximum punishment. See Miller v. Florida, 482 US 423 at 432-33, ... (citing Lindsey v. Washington, 301 US 397, ... (1937))." Underwood II, 15 F.3d at 19 & ftn 3).

- 6 -

The dichotomy of Underwood I and II, is apparent in Peugh v. United States, 569 US___(2013)(Sotomayor, J.), Peugh stated: "The most relevant of our prior decisions for assessing whether the requisite degree of risk is present here is Miller v. Florida, 482 US 423 (1987), in which this Court considered an ex post facto challenge to a sentencing guidelines scheme implemented by the State of Florida." 569 US___(2013)(slip op., at 9).

Ergo, there is now way to disguise the fact that the issue of whether Underwood's crime extended beyond November 1, 1987, is an expost facto issue. Miller, is not only relevant to Underwood but, a fortiori, is the appropriate and dispositive legal principle. Miller stands for the proposition that it is constitutionally required that the jury make the factual determination that a defendant's crime was committed after the date that the more stringent sentencing provision went into effect. Because there are other factual determinations that the jury must make beyond a reasonable doubt. Determinations that include point in time, or period of time, of a defendant's criminal conduct. See Alleyne, ("..., Lacy v. State, 14 Wis. 13 (1862)(discussing arson statute that provided for a sentence of 7 to 14 years where the house was occupied at the time of the offense, but a sentence of 3 to 10 years if it was not); Ga. Penal Code § 4324-4325 (1867)(robbery 'by open force or violence' was punishable by 4 to 20 years' imprisonment, while '[r]obbery by intimidation, or without force or violence,' was punishable by 2 to 5 years' imprisonment). [And], State v. Callahan, 109 La. 946, 33 So. 931 (1903)(finding ex post facto violation where a newly enacted law increased the range of punishment, even though defendant was sentenced within range established by the prior law.") Alleyne, 570 US___(slip op.,

at 7-8, and 14).

5. The Underwood I and II courts, never squarely addressed the constitutional question raised by Underwood. Namely, how does the Constitution protect a defendant from the dangers of an ex post facto sentence? In light of Alleyne, we now know it is the jury and not the judge that must decide the legal standard by which the factual determination is made of whether Underwood's crime extended beyond the effective date of harsher penalties. Because sentencing him under the mandatory provisions of the Sentencing Guidelines, violated his right to be free from the burdens of ex post facto laws, as well as, his right of equal protection under the due process clause.

"Because there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum, Harris was inconsistent with Apprendi. It is, accordingly, overruled." Alleyne, 570US___(2013)(slip op., at 15).

### C. Conclusion

6. In sum, Underwood may be the only federal prisoner in the BOP that preserved these issues. But, because there is no avenue available to have his claims heard, in an analogous context, he is akin to a State prisoner who has proven through Constitutional DNA, i.e., Apprendi, Peugh and Alleyne, that he is not guilty of the life sentence for which he is in service of.

WHEREFORE, Underwood prays that in the interest of Justice, Fairness, and all that the United States Constitution stands for, that this Court grant him relief from his service of the life sentence, Count 4.

Respectfully submitted,

William R. Underwood

Reg. No. 04849-016
Federal Correctional
Institution Fairton,
P.O.B. 420
Fairton, N.J. 08320
May 9, 2014

## DECLARATION UNDER PENALTY OF PERJURY

STATE OF NEW JERSEY

COUNTY OF CUMBERLAND

"I swear under penalty of perjury that the foregoing is true and correct." 28 USC § 1746.

DATED on May 9, 2014.

William R. Underwood
Reg. No. 04849-016
Pro se

## CERTIFICATE OF SERVICE

I hereby certify and declare that a true and accurate copy of the foregoing motion Petitioner's Memorandum in Support of Motion for Relief from Judgment, was placed into the hands of this institution's mail person on this 12th day of May, 2014, to make service on the AUSA, One Police Plaza, New York NY 10007.

William R. Underwood, Pro se
Reg. No. 04849-016
Federal Correctional
Institution Fairton,
P.O.B. 420
Fairton, N.J 08320
May 12, 2014

William R. Underwood
Reg. No. 04849-016
Federal Correctional Institution
Fairton, P.O.B. 420
Fairton, New Jersey 08320
May 12, 2014

88 Cr. 822 (MGC)

Judge Miriam Goldman Cedarbaum
District Court Judge,
U.S. District Court
Southern District of New York,
New York, New York 10007

Re: Rule 60(b) Motion

Dear Honorable Judge:

Enclosed please find 1 original and 1 copy of my Rule 60(b) motion pursuant to Alleyne v. United States, 570 US___(2013).

While I am aware that Alleyne has not been made retroactive by this Circuit court. You are aware that, there is no case in the country like this. This case is unique in it's characteristics and, is my issue from trial through the 2005 Rule 60(b) motion presented to you under United States v. Booker, 543 US 220 (2005).

Very truly yours,

William R. Underwood
Pro se